UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
        :
MARIA HERMINIA GRATEROL-GARRIDO,      :
        :
        Plaintiff,        :      20 Civ. 4209 (JPC) (RWL)
        :
   -v-        :      OPINION AND ORDER
        :      GRANTING *PRO BONO*
PATRICIA MARIA VEGA,        :      COUNSEL
        :
        Defendant.        :
        :
------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

## I. Background

On June 2, 2020, Plaintiff Maria Herminia Graterol-Garrido commenced this action against Defendant Patricia Maria Vega. Dkt. 1. The Complaint alleges that Defendant made numerous defamatory statements concerning Plaintiff, causing damage to her personal and professional reputation. *Id.* at ¶¶ 18-44. Defendant has been proceeding pro se since the initiation of this action.

On September 17, 2020, the Honorable George B. Daniels referred the case to the Honorable Robert W. Lehrburger for management of general pretrial issues and for the issuance of reports and recommendations as to any dispositive motions. Dkt. 9. On October 6, 2020, Judge Lehrburger entered a Case Management Plan, which set a discovery deadline of January 7, 2021. Dkt. 13.

With discovery concluded and neither party having moved for summary judgment, the undersigned held a status conference on February 25, 2021 and set a bench trial date of May 3, 2021. At the conference, Defendant requested that the Court attempt to locate *pro bono* counsel to represent her. For reasons articulated below, the Court grants this request and respectfully

directs the Clerk's Office to attempt to locate *pro bono* counsel for Defendant, to either represent her at trial or to represent her in pretrial discussions as to a resolution of this case.

## II. Legal Standard

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to seek *pro bono* representation for an indigent litigant. *Id.* Even if a court does believe that a litigant should have a free lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-310 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore request the services of *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors that a court should consider in deciding whether to grant an indigent litigant's request for *pro bono* counsel. 802 F.2d at 61-62. Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance" – "a requirement that must be taken seriously." *Id.* at 60-61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

### III. Discussion

Defendant has previously asserted that she is a single mother without adequate financial resources. *See* Dkt. 27 at 15 (referring to her situation as "unjust impoverishment [of] a US Citizen mother and Child dependent on Public Assistance"). The Court therefore finds that Defendant qualifies as indigent.

The Court additionally finds that the issues to be resolved at trial are "likely of substance." *Hodge*, 802 F.2d at 60-61. At the February 25, 2021 status conference, Defendant asserted that she is not liable for defamation because the statements she made were truthful. The bench trial therefore likely will entail the resolution of substantive legal issues regarding defamation, as applied to the evidence offered by the parties.

Other *Hodge* factors weigh in favor of requesting *pro bono* counsel as well. The numerous defamatory statements alleged by Plaintiff suggest that factual issues will need to be resolved at trial which, in turn, may require extensive evidentiary presentation. To defend against these defamation claims, Defendant may need to cross examine Plaintiff's witnesses as well as conduct direct examinations of any witnesses that Defendant decides to call. As far as the Court knows, Defendant does not have legal training, and a trained attorney would be best equipped to conduct such witness examinations, as well as to assess and address legal issues related to the admission of evidence and to defamation law that may arise during trial.

In this case, the Court finds that representation would "lead to a quicker and more just result by sharpening the issues and shaping examination." *Hodge*, 802 F.2d at 61.

## IV. Conclusion

For the foregoing reasons, the Clerk of Court is directed to attempt to locate *pro bono* counsel to represent Defendant, either at trial or leading to trial to assist in discussions as to a pretrial resolution of this case. The Court advises Defendant that there are no funds to retain counsel in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent Defendant. Nevertheless, this litigation will progress at a normal pace. If an attorney volunteers, the attorney will contact Defendant directly. There is no guarantee, however, that a volunteer attorney will decide to take the case, and Defendant should be prepared to proceed with the case pro se.

SO ORDERED.

Dated: March 1, 2021
New York, New York

_____
JOHN P. CRONAN
United States District Judge