```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                :
MARIA HERMINIA GRATEROL-GARRIDO,                :
                                                :
                            Plaintiff,          :
                                                :     20 Civ. 4209 (JPC) (RWL)
            -v-                                 :
                                                :     OPINION AND ORDER
PATRICIA MARIA VEGA,                            :
                                                :
                            Defendant.          :
                                                :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

The bench trial in this action is set to begin on May 3, 2021. Before the Court is Plaintiff Maria Herminia Graterol-Garrido's motion *in limine*, seeking to preclude *pro se* Defendant Patricia Maria Vega from calling certain witnesses during the trial. Defendant has not opposed Plaintiff's motion. For the reasons articulated below, Plaintiff's motion is granted. The Court further directs Defendant to provide, by April 30, 2021, a summary of the anticipated testimony from attorneys Kathy Polias and James Henry, as well as an explanation of why their testimony is relevant to any issue to be tried.

## I. Background

Plaintiff filed her Complaint on June 2, 2020, alleging that Defendant published several defamatory statements on May 16, 2020. Dkt. 1 ("Complaint" or "Compl."). The content of these statements stem from a dispute between Defendant and Plaintiff's husband. The Complaint alleges that after Plaintiff's husband had a one-time sexual encounter with Defendant in 2010, Defendant reached out to Plaintiff's husband about his possible paternity of her son in 2014. *Id*. ¶ 7. The Complaint maintains that Plaintiff's husband acknowledged paternity and began paying child support pursuant to a consent support order agreed to in a New York Family Court proceeding. *Id*.

On January 2019, Defendant filed a motion to vacate this consent support order, arguing that there were additional income amounts that should be included in the order. *Id.* ¶ 10. Defendant later withdrew that motion and filed an action in Supreme Court, New York County, attempting to establish parentage of her son and demanding restitution of $90 million. *Id.* ¶ 11. On May 15, 2020, the Supreme Court granted Plaintiff's husband's motion to dismiss Defendant's action. *Id.* ¶ 13. The Complaint alleges that Defendant published the allegedly defamatory statements a day later, on May 16, 2020. *Id.* Three messages made by Defendant are at issue in this action: (1) a public Facebook message, *id.* ¶¶ 13, 18-26; (2) a direct message to Think + Do Tank Foundation, an Australian non-profit organization which hired Plaintiff as a board member, *id.* ¶¶ 14, 27-35; and (3) a public post on Twitter, *id.* ¶¶ 15, 36-44.

Plaintiff cites to specific statements made in these messages that Plaintiff alleges were false, made with knowledge of their falsity, and caused Plaintiff to suffer reputational damage in both her personal and professional life. *Id.* ¶¶ 23-25; 32-34; 41-43. The Complaint also alleges that the statements in these messages were defamatory *per se* because they defame Plaintiff in her professional capacity and accuse her of serious criminal wrongdoing. *Id.* ¶¶ 20, 29, 38. In general, these statements accuse Plaintiff and her husband of concealing their income, hiding and fraudulently transferring assets, and committing fraud upon the state courts, all to avoid paying child support to Defendant's son.

After discovery concluded in this action, the Court held a Pretrial Conference on February 25, 2021. The Court set a trial-ready date of May 3, 2021. Dkt. 40. When the Court provided Defendant with an opportunity to present her argument of the case, Defendant began a detailed description of various state agency and court proceedings related to her son's parentage and the dispute between Plaintiff's husband and Defendant regarding child support obligations. Dkt. 43 ("2/25/2021 Tr.") at 5-11. The Court reminded Defendant that the focus of this action and the

2

forthcoming trial will be Plaintiff's claims of defamation against Defendant. *Id.* at 11, 14. Defendant then specified that her defense to Plaintiff's defamation claims is that her statements were truthful. *Id.*; *accord* Dkt. 45 Defendant's Amended Answer to the Complaint ("Answer") at ¶ 4a, 4b, 8. At the conference, Defendant also requested that the Court seek *pro bono* counsel to represent Defendant during the trial. 2/25/2021 Tr. at 20. That same day, the Court issued an Order which set submission deadlines for the parties' pretrial documents. Dkt. 40. That Order included a deadline of April 2, 2021 for Plaintiff's motions *in limine* and April 16, 2021 for Defendant's opposition to any such motions. *Id.* On March 1, 2021, the Court granted Defendant's request for the Court to seek *pro bono* counsel for her and directed the Clerk's Office to attempt to locate a volunteer attorney to represent Defendant. Dkt. 42. On March 3, 2021, the Court held another conference with the parties. At that conference, the Court directed the parties to exchange a list of witnesses they intend to call at trial, as well as a summary of the anticipated testimony of each witness, by March 19, 2021. 3/3/2021 Tr. at 18. The Court also offered to adjourn the bench trial to a later date, which would allow the Clerk's Office more time to find a volunteer attorney to represent Defendant. *Id.* at 10-12. Nonetheless, Defendant represented that she wished to proceed with the May 3, 2021 trial-ready date. *Id.* at 12-13.

On April 2, 2021, Plaintiff filed her Pretrial Statement and Proposed Findings of Fact and Conclusions of Law. Dkts. 48-49. Plaintiff also filed the instant motion *in limine*, seeking to exclude certain witnesses that Defendant intends to call at trial. Dkt. 46; Dkt. 47 ("Motion in Limine"). Plaintiff attached Defendant's witness list to her motion. Dkt. 47, Exh. 1 ("Witness List"). While the Court directed each party to include a preview of the anticipated testimony from each witness in its list, Defendant failed to provide such a summary for most of her witnesses. Further, although the Court set an April 16, 2021 deadline for Defendant to file her Pretrial Statement and opposition to Plaintiff's motion *in limine*, neither has been filed. Accordingly, the

3

Court treats Plaintiff's motion as unopposed.

## II. Discussion

### A. Motions *in Limine*

A district court has the inherent authority to rule on motions *in limine* as part of its obligation to manage trials. *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). "The purpose of an in limine motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or to interruption of, the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (internal quotation marks and citation omitted). "Like most questions about the admissibility of evidence, the decision whether to grant a motion *in limine* is entrusted to the discretion of the trial court." *Bey v. Iaquinto*, No. 12 Civ. 5875 (JCF), 2015 WL 5786487, at *1 (S.D.N.Y. Sept. 30, 2015). "The Court's ruling regarding a motion *in limine* is 'subject to change when the case unfolds.'" *Com. Funding Corp. v. Comprehensive Habilitation Servs., Inc.*, No 01 Civ. 3796 (PKL), 2005 WL 1026515, at *4 (S.D.N.Y. May 2, 2005) (quoting *Luce*, 469 U.S. at 41). In deciding a motion *in limine*, the Court must "make a preliminary determination on the admissibility of the evidence under Rule 104 of the Federal Rules of Evidence." *Id.*; *see* Fed. R. Evid. 104(a) ("The court must decide any preliminary question about whether a witness is qualified, a privilege exists, or evidence is admissible.").

"As a general matter, all relevant evidence is admissible under the Federal Rules of Evidence unless specifically excluded." *United States v. Perez*, 387 F.3d 201, 209 (2d Cir. 2004) (citing Fed. R. Evid. 402). Evidence is deemed relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence may be excluded pursuant to Federal Rule of Evidence 403 "if its probative value is substantially outweighed by a danger of . . .

4

unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The party seeking to introduce evidence—here, Defendant—bears the burden of demonstrating its relevance. *See Nunez v. Diedrick*, No. 14 Civ. 4182 (RJS), 2017 WL 4350572, at *4 (S.D.N.Y. June 12, 2017) (citing *Dowling v. United States*, 493 U.S. 342, 351 n.3 (1990)).

**B. Plaintiff's Claims**

"Under New York law a defamation plaintiff must establish five elements: (1) a written defamatory statement of and concerning the plaintiff, (2) publication to a third party, (3) fault, (4) falsity of the defamatory statement, and (5) special damages or per se actionability." *Palin v. New York Times Co.*, 940 F.3d 804, 809 (2d Cir. 2019). "[F]alsity of the statement is an element of the defamation claim [and] the statement's truth or substantial truth is an absolute defense." *Stepanov v. Dow Jones & Co.*, 987 N.Y.S.2d 37, 42 (App. Div. 2014); *accord Giuffre v. Maxwell*, No. 15 Civ. 7433, 2017 WL 1536099, at *4 (S.D.N.Y. Apr. 2017) ("Under New York law, truth is an absolute, unqualified defense to a civil defamation action and 'substantial truth' suffices to defeat a charge of libel.") (internal quotation marks and citation omitted). A substantially true statement is one that "would not 'have a different effect on the mind of the reader from that which the pleaded truth would have produced." *Id.* (quoting *Jewell v. NYP Holdings Inc.*, 23 F. Supp. 2d 348, 366 (S.D.N.Y. 1998)). "Thus, 'it is not necessary to demonstrate complete accuracy to defeat a charge of libel. It is only necessary that the gist or substance of the challenged statements be true." *Id.* (quoting *Printers II, Inc. v. Prof"ls Publishing, Inc.*, 784 F.2d 141, 146 (2d Cir. 1986)).

As noted above, Defendant has made it clear that her strategy at trial will entail attempting to prove the truthfulness of the purportedly defamatory statements, and that her statements were made in "self-defense." *See* Witness List at 1, Answer ¶ 4a, 4b, 4c, 7, 8. The Court liberally construes Defendant's assertion of self-defense as an invocation of New York's qualified privilege

of reply, which holds that "[a] person also has a right to defend himself or herself from charges of unlawful activity . . . . An individual is privileged to publish defamatory matter in response to an attack upon his or her reputation; the speaker is given more latitude in such a situation than if the statements were not provoked." *Giuffre v. Dershowitz*, 410 F. Supp. 3d 564, 574 (S.D.N.Y. 2019) (quoting Robert D. Sack, *Sack on Defamation: Libel, Slander, and Related Problems*, at § 9.2.1); *see also Konikoff v. Prudential Ins. Co. of Am.*, No. 94 Civ. 6863 (MBM), 1999 WL 688460, at *12 (S.D.N.Y. Sept. 1, 1999), *aff'd*, 234 F.3d 92 (2d Cir. 2000); *Kane v. Orange Cty. Publ'ns*, 649 N.Y.S.2d 26 (App. Div. 1996).

### C. Plaintiff's Motion *in Limine*

Plaintiff moves to exclude the trial testimony of several categories of witnesses identified by Defendant. In her witness list, Defendant identifies at least forty witnesses, either by name or position, and asserts that her defense will consist of documents and testimony, as well as "actions and omissions," that occurred "over 30 hearings or calendar events dockets in New York Family and Supreme Court since April 2014-2018." Witness List at 1. Defendant also states that she plans to include testimony as to "specific legislation and administrative laws, rules, regulations related to each case exchange." *Id.* at 1.

Plaintiff first moves to exclude several of the witnesses on the basis that Defendant plans to call them at trial to elicit testimony concerning matters of law. Plaintiff argues that testimony concerning matters of domestic law is inadmissible. Motion in Limine at 6. The Court agrees that such testimony should not be admitted at trial. *See Thomsen v. Kefalas*, No. 15 Civ. 2668 (BCM), 2018 WL 1508735, at *18 (S.D.N.Y. Mar. 26, 2018) ("It is well-settled in this Circuit that expert opinions as to the interpretation and application of domestic law are inadmissible."). The witnesses that Plaintiff requests be excluded on this ground include adjudicative officers, judges, policy makers, and legislators. Defendant has not explained how the testimony of these individuals

would be relevant to this case. Some of the explanations included in Defendant's witness list imply that she wishes to elicit testimony on matters of family law and the policies behind the enactment of these statutes. *See* Witness List at 1 ("I anticipate my examination to consist [of] . . . the specific legislation and administrative laws, rules, regulations related to each case exchange [between Plaintiff's husband and Defendant.]"); *id.* (including Helene Weinstein, a New York Assemblywoman in her witness list, and stating that the testimony to be elicited from her will include "the need and legislative intent of [sic] proposed bill she is currently sponsoring . . . and other State Legislation informed by the Federal Laws, Rules, Regulations as they related specifically to New York public policy"). Accordingly, the Court excludes as witnesses the following individuals identified in Defendant's witness list: (1) Eileen Stack, Deputy Commissioner of the New York State Division of Child Support Services; (2) Helene Weinstein, member of the New York State Assembly; (3) the Honorable Margaret Morgan of the Family Court of the City of New York, Queens County; (4) Serena Rosario, Support Magistrate of the New York County Family Court; (5) Kevin Mahoney, Support Magistrate of the New York County Family Court; (6) Gail Adams, Court Attorney Referee of the New York County Family Court; (7) the Honorable Maria Arias of the Family Court of the City of New York, Queens County; (8) the Honorable Douglas E. Hoffman of the New York State Supreme Court, New York County; (9) the Honorable Lawrence K. Marks, Chief Administrative Judge of the Courts of New York State; (10) the Honorable Jeanette Ruiz, Administrative Judge of the Family Court of the City of New York; (11) the Honorable Janet DiFiore, Chief Judge of the New York Court of Appeals; (12) Commissioner Michael P. Hein of the New York State Office of Temporary and Disability Assistance; and (13) Brad Hoylman, New York State Senator.

   Plaintiff also requests that the Court exclude the current and former attorneys of Plaintiff's husband from the upcoming trial. Motion in Limine at 6-7. The Court grants this request, as

Defendant has failed to articulate what relevant evidence may be elicited from these individuals. Further, to the extent that Defendant wishes to question these attorneys as to the communications they had with their client, that testimony will likely be protected by the attorney-client privilege and is therefore inadmissible. Although "not all conversations between an attorney and a client are privileged," *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 17 F. Supp. 3d 400, 404 (S.D.N.Y. 2014), any non-protected information these attorney witnesses would provide, to the extent relevant to an issue to be tried, could be elicited directly from their former client, Plaintiff's husband, at trial, *see Feitshans v. Kahn*, No. 06 Civ. 2125 (SAS), 2008 WL 344722, at *6 (S.D.N.Y. Feb. 6, 2008) (excluding counsel as a trial witness because his testimony was "not essential" and "problematic because of the danger that his testimony will necessarily implicate communications covered by the attorney-client privilege."). Without any showing as to the relevance or admissibility of their testimony, the Court grants Plaintiff's request to exclude testimony at trial from the following attorney witnesses: (1) Randi Karmel; (2) Danielle Feder; and (3) Phyllis Solomon.

Lastly, Plaintiff seeks exclusion of various court personnel that Defendant identified in her witness list. Motion in Limine at 7. As with most of her witness list, Defendant has failed to identify what testimony she wishes to elicit from these categories of witnesses and why such testimony is relevant to this defamation case, despite the Court's direction that she do so. 3/3/2021 Tr. at 18-19. To the extent that Defendant wishes to use these employees to authenticate records she plans to submit at trial, Plaintiff has represented that she is unlikely to object to the authenticity of any such records. Motion in Limine at 7-8. Thus, the authentication of any documents Defendant wishes to submit at trial could be resolved through stipulation or other less burdensome means. *See* 3/3/2021 Tr. at 17. Given the questionable relevancy of these witnesses and the burden on the Court's time that would result from having this testimony introduced at trial, combined with

8

Defendant's failure to show that any relevant records cannot be offered into evidence through less burdensome means, the Court grants Plaintiff's request. The Court excludes testimony from the following witnesses and categories of witnesses from trial: (1) the Clerk of the Family Court of New York County; (2) the Clerk of Supreme Court, New York County; (3) the County Clerk of New York County; (4) any technology officer of the Office of Court Administration of the Unified Court System of New York; (5) any technology officer of the Support Collection Unit of the Human Resource Administration of the City of New York; and (6) any technology officer of New York Child Support Enforcement.

### D. Other Witnesses

Defendant's witness list also includes two attorneys, Kathy Polias and James Henry. Defendant does not specify what testimony she plans to elicit from them. Although Plaintiff has not explicitly objected to testimony from these witnesses at trial, Defendant is directed to file a letter by April 30, 2021 and include a summary of the anticipated testimony of each of these witnesses and an explanation of why this testimony is relevant to any issue to be tried. *See generally United States v. Clarke*, 390 F. Supp. 2d 131, 131 (D. Conn. 2005) *aff'd* 257 F App'x 361 (2d Cir. 2007) (setting forth "case law in support of the court's inherent authority to exclude irrelevant or otherwise inadmissible evidence despite a failure of either side to object to its admission"); *Proujansky v. Blau*, No. 92 Civ. 8700 (CSH), 1999 WL 124457, at *1 (S.D.N.Y. Mar. 8, 1999) (raising the issue of the admissibility of testimony *sua sponte*). Failure to provide this information concerning Polias and Henry may result in the Court precluding their testimony at trial as well.

### III. Conclusion

For the reasons stated above, the Court grants Plaintiff's motion *in limine*.

The Court reminds Defendant that this is a defamation case. The testimony and exhibits

to be produced at trial must be relevant to Plaintiff's defamation claims or Defendant's defenses to those claims. The Court's disposition of the instant motion *in limine* is a preliminary finding, and the undersigned is "free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Luce*, 469 U.S. at 41-42. To the extent that Defendant believes that any of the witnesses that the Court excluded should be allowed to testify at trial for reasons that have not been presented to the Court, Defendant is directed to articulate what testimony she seeks to elicit from these witnesses and explain why that testimony is relevant to the defamation claim by no later than April 30, 2021.

The Clerk of Court is respectfully directed to close the motion pending on Docket Number 46.

SO ORDERED.

Dated: April 20, 2021
New York, New York

                                            JOHN P. CRONAN
                                       United States District Judge