UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
       :
MARINA HERMINIA GRATEROL-GARRIDO,      :
       :
      Plaintiff,       :
       :      20 Civ. 4209 (JPC)
   -v-       :
       :      ORDER
PATRICIA MARIA VEGA,      :
       :
      Defendant.      :
       :
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

On June 16, 2022, Defendant moved "to strike and sanction" Plaintiff and Plaintiff's counsel and to "introduce exculpatory evidence corroborating . . . the invocation of self-defense and the Statute of Frauds that became available in May 2022." Dkt. 77 at 1. Plaintiff opposed on June 30, 2022. Dkt. 78. For reasons that follow, the motion is denied.

First, Federal Rule of Civil Procedure 12(f) only permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Defendant's complaints are apparently targeted towards materials beyond the pleadings, not any pleading. Moreover, a motion pursuant to Rule 12(f) must be made "within 21 days after being served with the pleading," which has long since elapsed. *Id.*

Second, Defendant identifies no valid basis to sanction Plaintiff or Plaintiff's counsel pursuant to Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, or the Court's inherent power.

Third, the Court construes Defendant's request to submit evidence as a motion pursuant to Federal Rule of Civil Procedure 59, which allows a court "[a]fter a nonjury trial" to "on motion for a new trial . . . take additional testimony." Fed R. Civ. P. 59(a)(2). Defendant argues that new evidence shows that Plaintiff's ex-husband has no legal obligation to pay child support. Dkt. 77

at 2-3.  Whether or not Defendant's husband has a legally enforceable child support obligation is not relevant to the truth of any of the disputed statements in this case, *see* Dkt. 49 ¶ 15, which concern Plaintiff, not Plaintiff's ex-husband.  To support an attempt to reopen the record, newly discovered evidence "must be" both "admissible and probably effective to change the result," and irrelevant evidence is neither.  11 Fed. Prac. & Proc. § 2808 (3d ed.); *see also United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001).

    The Clerk of Court is respectfully directed to mail this Order to the *pro se* Defendant.

    SO ORDERED.

Dated: July 11, 2022
       New York, New York

                                           JOHN P. CRONAN
                                 United States District Judge